**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

WILLIAM SMITH,                        :

                 Petitioner,     :

         v.                   :

WARDEN DONNA ZICKEFOOSE,               :

                 Respondent.     :

---

Civil No. 10-3324 (JBS)

**OPINION**

**APPEARANCES:**

       **WILLIAM SMITH,** Petitioner pro se
       #21442-038
       F.C.I. Fort Dix
       P.O. Box 2000
       Fort Dix, New Jersey 08640

**SIMANDLE, District Judge**

Petitioner, William Smith, a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), brings this habeas petition pursuant to 28 U.S.C. § 2241, challenging his federal conviction. Petitioner names as party respondent, Warden Donna Zickefoose, as the person having custody over him pursuant to 28 U.S.C. § 2242.

This Court has reviewed the petition, and for the reasons set forth below, will dismiss this habeas action for lack of jurisdiction, as it is a prohibited second or successive motion under 28 U.S.C. § 2255. Smith's motion for leave to file

supplemental pleadings, which was filed on or about October 20, 2010, will be denied as moot.

## I.  <u>BACKGROUND</u>

The following facts are taken from the petition and the motion for leave to file a supplemental pleading, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of petitioner's allegations.

Petitioner states that he was convicted on or about June 9, 1997, in the United States District Court for the District of Massachusetts, on charges of being a felon in possession of a weapon and ammunition in violation of 18 U.S.C. § 922(g)(1).  He was sentenced to 262 months imprisonment.  Petitioner filed a direct appeal before the United States Court of Appeals for the First Circuit, which affirmed the conviction and sentence on August 29, 2002.  His petition for a writ of certiorari was denied by the Supreme Court on March 24, 2003.

It appears that Petitioner filed his first motion under 28 U.S.C. § 2255 in 2009, claiming that the Supreme Court had created a new rule of constitutional law entitling Petitioner to relief.  His motion was denied by the sentencing court on July 24, 2009.  Petitioner appealed to the Court of Appeals for the First Circuit, which affirmed denial of the § 2255 motion on September 28, 2009.  Thereafter, it appears that Petitioner attempted to file a § 2241 habeas petition before the sentencing

court, claiming that he was actually innocent of the enhanced charge.  That action was dismissed on November 30, 2009.

In a supplemental pleading submitted to this Court on October 19, 2010, Petitioner shows that he sought permission from the First Circuit to file a second or successive motion under § 2255.  Petitioner asserts that his request was based on "newly discovered evidence on part of his enhancement under United States Sentencing Guidelines ("USSG") § 4B1.4(B)(3)(A), for having possessed a firearm in connection with a controlled substance offense, with a victim impact, that he is actually innocent of committing."  (See Petitioner's Motion for a Supplemental Pleading at pg. 3).

On June 22, 2010, the First Circuit entered judgment denying Petitioner leave to file a second or successive § 2255 motion. The court found that:

> enhancement was not dependent on the presence of a crime victim; rather, it was triggered because petitioner was found to have "used or possessed the firearm or ammunition in connection with a ... controlled substance offense." § 4B1.4(b)(3)(A).  Nor is petitioner correct in suggesting that the absence of victims necessarily discredits the testimony of the government's principal cooperating witness.
>
> In any event, this very same contention was raised by petitioner and rejected by this court in an earlier application for leave to file a second or successive petition.  See 1st Cir. No. 09-2254 (Sept. 28, 2009 judgment).  Petitioner has thus failed to satisfy the pertinent § 2255(h) gatekeeping criterion.

3

(See Petitioner's Motion for a Supplemental Pleading at Judgment
in Smith v. United States, 1st Cir. No. 10-1632 (June 22, 2010
Judgment)).

Petitioner filed this § 2241 habeas petition on or about
June 25, 2010.  Petitioner attempts to challenge his sentence as
enhanced on a claim of actual innocence and "newly discovered
evidence under U.S.S.G. § 4B1.4(B)(3)(A) pursuant to § 3771
victim impact showing [his] actual innocence."

## II.  DISCUSSION

### A.  Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a
> writ of habeas corpus shall forthwith award the writ or
> issue an order directing the respondent to show cause why
> the writ should not be granted, unless it appears from the
> application that the applicant or person detained is not
> entitled thereto.

Petitioner brings his habeas petition as a pro se litigant.
A pro se pleading is held to less stringent standards than more
formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S.
97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A
pro se habeas petition and any supporting submissions must be
construed liberally and with a measure of tolerance.  See Royce
v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney
General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.
Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399
U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c)The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

B.  Jurisdiction

Here, Petitioner contends that he is entitled to habeas relief under § 2241, despite the fact that he had filed an earlier § 2255 motion and an earlier § 2241 habeas petition before his sentencing court, both of which were denied, because he is actually innocent of the enhanced firearms offense under 18 U.S.C. § 3771.  It appears that Petitioner contends that relief under § 2255 is "inadequate or ineffective."  Cf. In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the United States Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.[1]  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States

---

[1]  As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).

5

Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v.
Walker, 980 F. Supp. 144, 145-46 (E.D.Pa. 1997)(challenges to a
sentence as imposed should be brought under § 2255, while
challenges to the manner in which a sentence is executed should
be brought under § 2241).  Generally, challenges to the validity
of a federal conviction or sentence by motions under § 2255 must
be brought before the Court which imposed the sentence.  See 28
U.S.C. § 2255; Davis v. United States, 417 U.S. 333 (1974);
Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  In
addition, before a second or successive § 2255 motion is filed in
the district court, the petitioner must move in the appropriate
court of appeals for an order authorizing the district court to
consider the petition on the grounds of either (1) newly-
discovered evidence that would be sufficient to establish by
clear and convincing evidence that no reasonable factfinder would
have found the petitioner guilty of the offense or (2) a new rule
of constitutional law made retroactive by the Supreme Court.  28
U.S.C. §§ 2244(a), 2255.

        Section 2255, however, contains a safety valve where "it
appears that the remedy by motion is inadequate or ineffective to
test the legality of [Petitioner's] detention."  In Dorsainvil, a
case involving a Bailey claim, the Third Circuit held that the
remedy provided by § 2255 is "inadequate or ineffective,"
permitting resort to § 2241 (a statute without timeliness or

6

successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Thus, under Dorsainvil, this Court would have jurisdiction over Petitioner's action if, and only if, Petitioner demonstrates (1) his "actual innocence" (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct (3) for which he had no other opportunity to seek judicial review.  119 F.3d at 251-52; see also Okereke, 307 F.3d at 120; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

In this case, Petitioner argues that he is actually innocent of the alleged enhancement regarding the firearms offense.  He does not cite any retroactive change in substantive law that would negate the criminality of his conduct; nor does he demonstrate that he had no other opportunity to seek judicial review.  Indeed, Petitioner raised this precise argument in his first § 2255 motion, his subsequent § 2241 petition, and his motion before the First Circuit for leave to file a second or successive § 2255 motion.  In all of these prior actions, Petitioner's argument was rejected by the courts.

Furthermore, his reliance on "newly discovered evidence" is misplaced because the evidence is premised on the Government's cooperating witness's testimony, which Petitioner claims is contradictory, and which could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2255(e)(2)(A)(ii).  Indeed, it appears that this issue actually had been raised before the sentencing court on several occasions as argued by Petitioner himself.  Nothing about it is "newly discovered."

Petitioner's claim of actual innocence also fails to warrant habeas relief in this instance.  A freestanding claim of actual innocence has never been explicitly recognized by the Supreme Court.  See House v. Bell, 547 U.S. 518 (2006); Baker v. Yates, 2007 WL 2156072 (S.D. Cal. July 25, 2007) ("In practice, however, the Supreme Court has never explicitly held that a freestanding

innocence claim is available during habeas review, even in a
death penalty case."). In a noncapital case such as this, an
assertion of actual innocence is ordinarily "not itself a
constitutional claim, but instead a gateway through which a
habeas petitioner must pass to have his otherwise barred
constitutional claim considered on the merits." Herrera v.
Collins, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed. 2d 203
(1993); Whitby v. Dormire, 2 Fed. Appx. 645, at *1 (8th Cir.
2001); Mansfield v. Dormire, 202 F.3d 1018, 1023-24 (8th Cir.
2000).

In House, the United States Supreme Court was presented with
a freestanding claim of innocence, but it "decline[d] to resolve
this issue." House, 126 S.Ct. at 2087. The Supreme Court did,
however, provide some insight into what might be required to
prove such a claim. Id. (noting, "whatever burden a hypothetical
freestanding innocence claim would require, this petitioner has
not satisfied it."). The Court recognized, as it did in Herrera,
that the standard for any freestanding innocence claim would be
"'extraordinarily high,'" id. (quoting Herrera, 506 U.S. at 417),
and it would require more than the showing required to make a
successful gateway innocence claim. Id. at 2087 ("The sequence
of the Court's decisions in Herrera and Schlup[2]-first leaving
unresolved the status of freestanding claims and then

---

    [2]  Schlup v. Delo, 513 U.S. 298, 327 (1995).

establishing the gateway standard-implies at the least that
<u>Herrera</u> requires more convincing proof of innocence than
<u>Schlup</u>.").  Even assuming that such a freestanding claim could be
raised, Petitioner in this instance has not met or even
approached an "extraordinarily high" standard here.

Petitioner's arguments rely on his claim that the
Government's cooperating witness gave contradictory statements
that calls into question the validity of his sentencing
enhancement under U.S.S.G. §4G1.4.  He argues that the witness
perjured herself, that her testimony was not reliable and that
this "newly discovered" evidence was so convincing that no
reasonable factfinder would have found him guilty of the enhanced
offense.  However, the sentencing court entertained Petitioner's
arguments and rejected them, finding the witness credible.
Consequently, Petitioner has failed to allege facts sufficient to
show that he is factually innocent of the enhanced  sentence
under U.S.S.G. § 4B1.4.

Therefore, Petitioner is not entitled to relief on an
"actual innocence" claim.  Petitioner has failed to demonstrate
circumstances that would render § 2255 an inadequate or
ineffective remedy.  He does not allege an intervening change in
the law that renders non-criminal the crimes for which he was
convicted.  Petitioner also fails to demonstrate any
circumstances amounting to a "complete miscarriage of justice"

that would justify application of the safety-valve language of §
2255 rather than its gatekeeping requirements.  Therefore, this
Petition must be considered a second or successive motion under
§ 2255, which Petitioner has not received authorization to file,
and over which this Court lacks jurisdiction.[3]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks
jurisdiction, "the court shall, if it is in the interest of
justice, transfer such action ... to any other such court in
which the action ... could have been brought at the time it was
filed."  28 U.S.C. § 1631.

Here, Petitioner already has petitioned the Court of Appeals
for the First Circuit for leave to file a successive § 2255
motion, which was denied on June 22, 2010 because Petitioner
failed to allege any of the predicate grounds permitting a second
or successive § 2255 motion.  Therefore, this Court finds that it
would not be in the interests of justice to transfer this

_____

[3] Although this Court is reclassifying the petition as a
§ 2255 motion, no <u>Miller</u> notice and order is necessary to afford
Petitioner an opportunity to raise additional § 2255 grounds.
The purpose of the Third Circuit's decision in <u>United States v.
Miller</u>, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning
to petitioners whose petitions were being recharacterized as
§ 2255 motions so that they could ensure that all their claims
were fully raised in a single all-encompassing § 2255 petition.
Such warning, the <u>Miller</u> court reasoned, is necessary because
petitioners will thereafter be unable to file "second or
successive" § 2255 petitions without certification by the Court
of Appeals.  Because Petitioner in this case already has filed a
§ 2255 motions, which was addressed by the sentencing Court, and
because the current petition is itself "second or successive," no
purpose would be served by a <u>Miller</u> notice.

11

Petition to the First Circuit.  Accordingly, this Petition must be dismissed for lack of jurisdiction.

### III.  <u>CONCLUSION</u>

For the reasons set forth above, this habeas action will be dismissed with prejudice for lack of jurisdiction, because it is a second or successive § 2255 motion challenging petitioner's federal sentence.  Petitioner's motion to file a supplemental pleading is denied as moot.  An appropriate order follows.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

Dated:    **January 7, 2011**

12